Ralph SHEETS and Smith Hogan

v.

The UNITED STATES.

Nos. 371–80C, 372–80C.

United States Claims Court.

Dec. 3, 1982.

George Clyde Gray, Indianapolis, Ind., for plaintiffs.

Allen C. Peters, Arlington, Va., and Frances L. Nunn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER ON PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY AND TO STAY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO DENY THAT MOTION

WILLI, Judge.

The pending motions were filed, by leave of the undersigned, on November 15, 1982. On the same day defendant filed its opposition. Plaintiffs have filed no paper in reply.

These cases, since consolidated, were instituted separately by petitions filed July 21, 1980. Defendant answered on November 18, 1980.

The suits arise out of plaintiffs' employment as heart-lung machine technicians at the Veterans Administration Medical Center at Indianapolis, Indiana, from 1967 through 1977. Their jobs were to operate and maintain the heart-lung machine and associated instruments during surgical procedures, such as open-heart operations, requiring the use of such equipment. To that end their position descriptions specified that they "must be available for call on a 24-hour basis in the event of an emergency surgery."

Because of their indispensability at surgery requiring use of their equipment and because of their obligation to respond to calls for emergency duty, plaintiffs contend that their service entitled them to the additional compensation authorized by 5 U.S.C. § 5545(c)(1) and (2) for standby status and administratively uncontrollable overtime.

On May 17, 1982, after considerable delay apparently attributable to ineffective service of nine interrogatories propounded by plaintiffs, defendant replied to those interrogatories. As to Interrogatories numbered 2, 4, 6 and 8 defendant provided substantive responses. It declined to respond to the remainder for, *inter alia,* an asserted lack of relevance. Having heard nothing further from plaintiffs following that reply, defendant, on September 30, 1982, filed a motion for summary judgment. By that motion defendant denies liability under each of the statutory provisions earlier referenced essentially because plaintiffs were not required to perform overtime service with any significant frequency and were not restricted as to freedom of movement during the periods that they were subject to call.

Each of the five interrogatories that defendant declined to answer seeks to elicit information concerning defendant's premium pay practices as applied to employees other than themselves, including some performing services at other institutions.

Rule 26(b)(1) of the rules of this court, replicating Rule 26(b)(1), Fed.R.Civ.P., makes discoverable "any matter not privileged, which is relevant to the subject matter involved in the pending action." By

virtue of this language the single initial hurdle that must be cleared by the proponent of discovery is a demonstration of the relevance of the information sought to the issues involved in the case. Relevant material may subsequently be protected from discovery by proper claims of privilege, but the initial question is that of relevance. *Pierson v. United States,* 428 F.Supp. 384, 390 (D.Del.1977).

The issue in these cases is whether, during the period in suit, the services rendered by these plaintiffs, in the particular circumstances in which those services were performed, qualify for the additional compensation authorized by 5 U.S.C. § 5545(c)(1) and (2) and implemental regulations thereunder, to the extent valid. How other employees, performing services in other circumstances at other times or places, were compensated is not relevant to a determination of these plaintiffs' recovery rights under the statutes and regulations involved. In the absence of deliberate employer caprice, not said to be present here, a showing that others, even those similarly situated, were compensated more liberally does not lessen the applicability or vary the meaning of those statutes and regulations. They remain the determinants of plaintiffs' recovery rights. *Bornstein v. United States,* 170 Ct.Cl. 576, 584–85, 345 F.2d 558, 563–64 (1965).

Because defendant's refusal to respond to Interrogatories 1, 3, 5, 7 and 9 was justified for the reasons given above, plaintiffs' motion to compel discovery must be denied.

Since plaintiffs' companion motion to suspend or terminate the pending summary judgment activity is grounded on their asserted need for substantive response to the five interrogatories that defendant declined to answer, denial of that motion follows from the ruling to be made on their motion to compel answer. While the companion motion recites (par. 9): "That with this pleading, the plaintiffs have filed a Motion to Compel Discovery to the above-mentioned Interrogatories as well as the Notice of Taking Deposition of three persons", there is no indication that the notice men-tioned has ever been served. Defendant's opposition to the pending motions, filed the same date as the motions *viz,* November 15, 1982, states (p. 3): "Defendant's answer[s] to the petition[s] [were] filed on November 18, 1980. Since that time, plaintiffs have served one set of interrogatories on defendant, *and have sought no other discovery.*" (Emphasis added.) Moreover, to the extent that the testimony to be elicited from the unnamed deponents parallels the type of information to which the five unanswered interrogatories are directed, such additional discovery would for the same reasons, fail to meet the relevance requirement of Rule 26(b)(1).

Finally, there is nothing in the record to date suggesting that plaintiffs' claims are not ripe for summary adjudication. Defendant's pending motion proceeds essentially on the straightforward grounds (1) that plaintiffs are not entitled to recover standby pay under 5 U.S.C. § 5545(c)(1) because their freedom of movement when off the hospital's premises was not restricted to the confines of any other assigned duty station, such as their respective homes or elsewhere; and (2) that they are not entitled to premium pay under 5 U.S.C. § 5545(c)(2) because they were not required to and did not put in unscheduled overtime with any significant frequency. It does not appear that there is any genuine dispute as to the facts underlying either of those defensive contentions.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Compel Discovery, filed November 15, 1982, and plaintiffs' Motion to Stay Defendant's Motion for Summary Judgment or in the Alternative, to Deny Defendant's Motion for Summary Judgment, filed November 15, 1982, are DENIED.

IT IS FURTHER ORDERED that by or before January 3, 1983 plaintiffs will respond to defendant's Motion for Summary Judgment, filed September 30, 1982, under pain of dismissal for want of prosecution upon failure to do so.